UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL CHARLES RINEHART, #580587

           Petitioner,

                                        CASE NO. 2:11-CV-12794
v.                                             HONORABLE MARIANNE O. BATTANI

THOMAS BIRKETT,

           Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Michael Charles Rinehart ("Petitioner") pleaded guilty to operating a motor vehicle while impaired, third offense, MICH. COMP. LAWS § 257.625, in the Clinton County Circuit Court and was sentenced to 23 months to five years imprisonment in 2009. In his pleadings, Petitioner raises the following claims: (1) his plea was illusory and contrary to his understanding, (2) trial counsel was ineffective, (3) the trial erred in denying his challenge to the chemical test, (4) his sentence is disproportionate, (5) the prosecutor committed misconduct by failing to investigate a res gestae witness and by engaging in questionable tactics to induce a plea, (6) judicial interference, (7) trial and appellate counsel were ineffective thereby establishing cause and prejudice, and (8) he was denied his rights to due process and to present a meaningful defense. For the reasons set forth, the Court dismisses without prejudice the

petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis on* appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas application indicates that he presented his first four habeas claims to the Michigan appellate courts on direct appeal of his conviction. Those courts denied leave to appeal. *See People v. Rinehart*, No. 296945 (Mich. Ct. App. April 19, 2010) (unpublished); *People v. Rinehart*, 488 Mich. 857, 787 N.W.2d 113 (Sept. 9, 2010). Petitioner then filed a motion for relief from judgment with the state trial court on December 6, 2010 raising his remaining habeas claims. The court denied the

motion on January 27, 2011. Petitioner does not indicate, nor does the record reflect, that he appealed the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court. Accordingly, those claims have not been fully unexhausted in the state courts.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies). Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner's habeas application indicates that he has not appealed the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court. Under state court rules, Petitioner may file an application for leave to appeal the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals within 12 months of the trial court's decision. *See* MICH. CT. R. 6.509; MICH. CT. R. 7.205.[1] Given that the trial court denied Petitioner's motion for relief from judgment on January 27, 2011, the time for seeking review by the Michigan Court of Appeals has not yet expired. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking federal habeas relief.

The one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period does not begin until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13(1). Petitioner filed his motion for relief from judgment with the state trial court within that 90-day period. That motion tolled the one-year period. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). As long as Petitioner appeals the denial of his motion for relief from judgment in a timely fashion, the one-year period will continue to be tolled while he has a properly filed application for post-conviction or other collateral review pending in the state courts.

Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state

---

[1] The Court notes that the appeal period will be shortened to six months under a proposed amendment to the Michigan court rules, effective September 1, 2011.

courts before seeking habeas review in federal court. Petitioner alleges ineffective assistance of trial and appellate counsel as cause for failing to raise the unexhausted claims in the state courts. However, a claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional claim which requires proper exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Moreover, Petitioner has not demonstrated good cause for failing to complete the appellate process regarding the denial of his motion for relief from judgment. Lastly, Petitioner's unexhausted claims concern matters of federal law and do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted available state court remedies as to all of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of his order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, Michael Rinehart via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt

Case Manager