**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES RINEHART,

    Petitioner,

                             CASE NO. 2:11-CV-12794

v.                         HONORABLE MARIANNE O. BATTANI
                         UNITED STATES DISTRICT COURT

THOMAS BIRKETT,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Michael Charles Rinehart, ("Petitioner"), currently residing in Lansing, Michigan after having been discharged from his sentence by the Michigan Department of Corrections, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his pro se application, petitioner challenges his guilty plea conviction to operating a vehicle while intoxicated, third offense

---

[1] The Michigan Department of Corrections' [M.D.O.C.] Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, See Ward v. Wolfenbarger,323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on April 18, 2013 and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. See Maleng v. Cook , 490 U.S. 488, 490-91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. Sevier v. Turner, 742 F. 2d 262, 268 (6th Cir. 1984). Because petitioner was in prison at the time he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

(OWI-3rd).  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted of the above offense following the entry of a conditional guilty plea in the Clinton County Circuit Court.  Petitioner testified at his plea hearing that he was alone in his vehicle with the keys in the ignition when the police found him at the McDonald's drive-thru with his head slumped over the wheel. (Plea Tr. 9/3/08, pp.26-27).  The police officer who arrested him indicated that the engine was running.  The parties agreed to stipulate to the officer's version of his observations and agreed to stipulate to entry of the portion of the police report containing the officer's statement that the vehicle was running when he approached. (Plea Tr. 9/3/08, p. 31).  A breathalyzer test was administered following the arrest. (Plea Tr., p. 28).  According to the breathalyzer reading, petitioner's blood alcohol content was 0.18. (Plea Tr., p. 29).  Petitioner had two prior convictions for operating a motor vehicle while intoxicated from 1997 and 2005. (Plea Tr., p. 29).

Prior to entry of petitioner's conditional guilty plea, petitioner filed a motion in limine to exclude the results of his breathalyzer, which was denied. (Tr. 8/14/08, pp. 30-33).

Petitioner sought leave to appeal that ruling with the Michigan Court of Appeals. (Plea Tr. 9/3/08, p. 7).  Petitioner conditionally pleaded guilty, with an

2

agreement by the parties that if the Michigan Court of Appeals reversed the trial court on the breathalyzer issue, petitioner would be permitted to withdraw his plea and proceed to trial without the breathalyzer results in evidence. (Plea Tr., pp. 14-15).

The Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to persuade the court of the need for immediate appellate review." People v. Rinehart, No. 287484 (Mich.Ct.App. September 24, 2008).

Petitioner subsequently moved to withdraw his plea, arguing that his conditional plea considered two possible conditions, either the Court of Appeals denied his claim on the merits, in which case the case would be over, or the Court of Appeals granted his request, in which case, he would withdraw his plea and go to trial.  Petitioner argued that the Michigan Court of Appeals' decision to simply decline hearing the appeal without a decision on the merits was not contemplated as part of the plea agreement. (Tr. 11/12/08, pp. 5-6).  The trial court denied petitioner's motion to withdraw his plea on the ground that there was no agreement that the trial court would stay the proceedings pending his appeal. (Tr. 11/12/08, p. 12).

Petitioner subsequently absconded and fled the state and was arrested a year later.  At his sentencing, petitioner attempted a second time to withdraw his guilty plea, claiming that there was an insufficient factual basis. (Tr. 10/19/09, pp. 4-7).  The trial court denied this motion and then sentenced petitioner to 23

3

months to 5 years in prison. (Tr. 10/19/09, p. 34).

Petitioner's conviction was affirmed on appeal. People v. Rinehart, No. 296945 (Mich.Ct.App. April 19, 2010); lv. den. 488 Mich. 857 (2010).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied on January 25, 2011. People v. Rinehart, No. 08-8278-FH (Clinton County Circuit Court, January 25, 2011).

While petitioner's post-conviction motion for relief from judgment was pending in the state courts, petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice on the ground that four out of petitioner's eight claims had yet to be exhausted with the state courts.

Petitioner subsequently filed an application for leave to appeal to the Michigan Court of Appeals, which was dismissed without prejudice pursuant to M.C.R. 7.201(B)(3) after petitioner was denied a waiver of fees and then petitioner failed to pay the reduced entry fee of $31 in a timely manner. People v. Rinehart, No. 305253 (Mich.Ct.App. November 1, 2011). The Michigan Supreme Court denied petitioner's application for leave to appeal. People v. Rinehart, 490 Mich. 974 (2011).

The Court subsequently permitted petitioner to reopen his habeas petition and later allowed him to amend his petition to add his newly exhausted claims.

In his original and amended habeas petitions, petitioner seeks a writ of habeas corpus on the following grounds:

4

I. The Trial Court erroneously denied Defendant's motion to withdraw his conditional plea prior to sentencing, where the plea was illusory and contrary to defendant's understanding, as the plea was conditional on an interlocutory appeal decision expected, however, this court failed to make a decision on the matter while citing that they were not persuaded of the need of immediate appellate review.

II. Trial counsel was ineffective under the Sixth Amendment (she told the trial court in her own words that) she was not prepared to go to trial on the scheduled trial date, and defendant was never informed that he had a legal defense to the charges because it was only after entry of the plea that counsel became aware of preexisting case law that proved defendant not guilty.

III. The Trial Court erred in denying Defendant's Motion to challenge the chemical test when the police officer testified that he failed to follow the requisite operating procedure.

IV. Defendant-Appellant Rinehart is entitled to Appellate review of his sentence for three counts of delivery of a controlled substance, because the 23 month minimum term of imprisonment is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines. Please note Defendant was convicted of one count of OUIL 3rd, not three counts of delivery of controlled substances as appellate counsel mistakenly cited in his original pleadings.

Petitioner's additional issues, raised in his motion for relief from judgment,

allege that "the Good Cause and prejudice rule does not apply or, in the alternative,

Good Cause and prejudice is shown." He then lists the following grounds for good

cause:

V. The prosecutor's failure to investigate a known res gestae witness, use last minute pressure tactics on the date set for trial to secure a plea, and then undermine a conditional plea constitutes an external factor.

VI. The prosecutor's conduct in entering into a conditional plea that

5

would allow Defendant to withdraw if the Appellate Court held the chemical test inadmissible and then questionable tactics to ensure the Court of Appeals would not resolve the legal question sought to be answered constitute an external factor.

VII. The Trial Court's combined inchambers coercive conduct and failure to conduct an evidentiary hearing after being made aware of a potential res gestae witness that Defendant's girlfriend may have been driving the vehicle constitute judicial state interference from full disclosure of all relevant and material facts that would bare out the truth of the matter.

VIII. Defendant's denial of effective assistance of trial and appellate counsel constitute good cause and prejudice. Defendant was deprived of his sixth and fourteenth amendment constitutional due process right to present a complete and meaningful defense and as a result of ineffective assistance of trial and appellate counsel and the conduct of the prosecutor and the trial court.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

 A decision of a state court is "contrary to" clearly established federal law if

6

the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not

7

mean the state court's contrary conclusion was unreasonable." Id. ( citing

Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to §

2254(d), "a habeas court must determine what arguments or theories supported

or...could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision" of the Supreme

Court. Id.

In the present case, the Michigan Court of Appeals on petitioner's direct

appeal denied petitioner's application for leave to appeal in a form order "for lack

of merit in the grounds presented."  The Michigan Supreme Court subsequently

denied petitioner leave to appeal in a standard form order without any extended

discussion.  Determining whether a state court's decision resulted from an

unreasonable legal or factual conclusion, as would warrant federal habeas relief,

does not require that there be an opinion from the state court that explains the

state court's reasoning. Harrington, 131 S. Ct. at 784.  "Where a state court's

decision is unaccompanied by an explanation, the habeas petitioner's burden

still must be met by showing there was no reasonable basis for the state court to

deny relief." Id.  In fact, when a habeas petitioner has presented a federal claim

to a state court and that state court has denied relief, "it may be presumed that

the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary." Id. at 784-85.  That

8

presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. Id. at 785.

The AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See Werth v. Bell, 692 F. 3d 486, 492-94 (6th Cir. 2012); Hardaway v. Robinson, 655 F. 3d 445, 447, 449, n. 1 (6th Cir. 2011).

### III.  Discussion

#### A. Claim # 1.  Voluntary Plea.

Petitioner first alleges that his plea was illusory and contrary to his understanding that the plea was conditioned on a merits decision from the Michigan Court of Appeals on his interlocutory appeal.

Initially, the Court observes that petitioner has no absolute right to withdraw his conditional guilty plea. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. Id.

A guilty plea that is entered in state court must be voluntarily and

9

intelligently made. See <u>Shanks</u>, 387 F. Supp. 2d at 749; <u>Doyle v. Scutt</u>, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. <u>Hart v. Marion Correctional Institution</u>, 927 F. 2d 256, 257 (6th Cir. 1991); <u>Shanks</u>, 387 F. Supp. 2d at 749.  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. <u>King v. Dutton</u>, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. <u>Garcia v. Johnson</u>, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. <u>Id</u>.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. <u>Mabry v. Johnson</u>, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation

10

(including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). Id.  Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. See Thirkield v. Pitcher, 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily conditionally pleaded guilty to the above charge.  Petitioner was advised of the maximum penalties for the charge and the rights that he would be waiving by pleading guilty. (Tr. 9/3/2008, p. 20).  Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement.  In response to the trial court's questions, petitioner denied that any other promises had been made to get him to conditionally plead guilty. (Tr. 9/3/2008, pp. 25-26).  Petitioner also stated on the record that he was happy with the work provided by his attorney. (Tr. 9/3/2008, p. 14).  The record reflects that, as part of the plea agreement, the court agreed to take a conditional plea which would allow petitioner to await a ruling on his interlocutory appeal.  The plea to Count 1, Operating While Intoxicated - Third Offense, also was premised on the dismissal of Count 2, Driving While Licence Suspended - Second Offense, and Open Alcohol in a Vehicle, Count 3.  In addition to the conditional plea and dismissal of the two counts, there was an agreement that the sentence would be

11

"within the properly run guidelines, wherever they may be, run by the Department of Corrections." (Tr. 9/3/2008, pp. 14-15).

The record clearly reflects an understanding that there might not be an actual decision on the merits of petitioner's interlocutory appeal and that his case would proceed forward if the Court of Appeals rejected his application for leave to appeal:

> The Court of Appeals, if they reject, they will most likely do so before that sentencing date and we could proceed. If they accept, we contemplate an adjournment of the sentencing until they can make their decision.

(Tr. 9/3/2008, p.17).

Petitioner's assertion that he was entitled to a decision on the merits of his interlocutory appeal is contrary to the state court record.  Because petitioner has not met the burden of disproving the state court record which clearly establishes that the plea was both knowing and voluntary, he is not entitled to habeas relief.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. See United States v. Randolph, 230 F.3d 243, 250-51 (6th Cir. 2000).  Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. See Spearman v. United States, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

Petitioner's plea agreement was not illusory.  The prosecutor agreed to

12

dismiss a second charge of driving on a suspended license, second offense, and a third charge of having open alcohol in a vehicle.  The prosecutor also agreed that petitioner's minimum sentence would be within the sentencing guidelines. This Court concludes that the plea agreement was not illusory because petitioner was promised the dismissal of charges and a sentence agreement which therefore amounted to a real, tangible benefit in consideration for the plea. See Daniels v. Overton, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).  Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief. See McAdoo v. Elo, 365 F. 3d 487, 498 (6th Cir. 2004).

### B.  Claim # 2.  Ineffective assistance of trial counsel.

Petitioner next contends that he was deprived of the effective assistance of trial counsel when his trial counsel failed to prepare for trial and inform petitioner that he had a legal defense to the charges.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. Tollett v. Henderson, 411 U.S. 258, 267 (1973).  The only condition of record pertained to the agreement to await the Michigan Court of Appeals' ruling on petitioner's motion regarding the breathalyzer test.  Upon a favorable ruling that the results of the test were inadmissible at trial, petitioner would be allowed to withdraw his plea and proceed to trial.

Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty or nolo contendere plea. See United States v. Stiger, 20 Fed. Appx. 307, 309 (6th Cir. 2001); See also Siebert v. Jackson, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).

Petitioner's conditional plea did not preserve any Sixth Amendment challenges because the only issue that the parties agreed to preserve for appeal pertained to the admission of the breathalyzer test at trial.  A conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. People v. Andrews, 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992). Petitioner's conditional guilty plea waived appellate review of any other Sixth Amendment claims, because his plea was only conditioned on awaiting a ruling by the Michigan Court of Appeals on the interrogatory appeal challenging admission of the breathalyzer test.  See People v. Wynn, 197 Mich. App. 509, 510; 496 N.W. 2d 799 (1992).  Petitioner is not entitled to relief on his second claim.

14

**C. Claim # 3.  Denying motion to challenge chemical test.**

Petitioner states that the trial court erred in denying his motion to challenge his chemical test.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. Id.  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000); See also Regan v. Hoffner, 209 F. Supp. 2d 703, 714 (E.D. Mich. 2002).

Petitioner's claim that the trial court erred in denying his motion to challenge the chemical test is non-cognizable on habeas review.

**D. Claim # 4. The sentencing claim.**

Petitioner claims his sentence is disproportionate.  Petitioner's sentencing claim is moot because he was discharged from custody.

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. See Ayers v. Doth, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).  "[M]ootness results when events occur during

15

the pendency of a litigation which render the court unable to grant the requested relief." Carras v. Williams, 807 F. 2d 1286, 1289 (6th Cir. 1986).  Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised sua sponte by the federal court, even if the issue is not addressed by the parties. See Medberry v. Crosby, 351 F. 3d 1049, 1054, n. 3 (11th Cir. 2003).

Petitioner has completed his sentence and has been discharged from custody.  He has not shown that he suffers continuing collateral consequences flowing from the discharged sentence.  Absent such a showing, petitioner's claims are rendered moot by the completion of the imprisonment term and his discharge from custody. See Prowell v. Hemingway, 37 Fed. Appx. 768, 769-770 (6th Cir. 2002)(federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences); Diaz v. Kinkela, 253 F. 3d 241, 243 (6th Cir. 2001) (habeas petition challenging incarceration imposed for bad acts committed by petitioner while incarcerated was moot where petitioner was released from prison after serving additional time and state statute was found unconstitutional); Winegar v. Corrections Dept., 435 F. Supp. 285, 293 (W.D. Mich. 1977)(where sentences had already been served, claim of cruel and unusual punishment was moot). Petitioner's fourth claim is moot.

16

**E. Claims ## 5, 6, 7 and # 8.  Petitioner's remaining claims are unexhausted and procedurally defaulted.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner failed to properly exhaust these claims on post-conviction review.

Petitioner attempted to raise his fifth through eighth claims in his post-conviction motion for relief from judgment.  The Michigan Court of Appeals, however, dismissed petitioner's post-conviction application for leave to appeal without prejudice, because petitioner failed to file his application for leave to appeal in conformity with the court rules.

A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir. 2001).  A claim that has been raised in a brief or pleading that has been stricken by a state court is not considered exhausted for purposes of habeas review. See e.g. Provenzano v. Singletary, 3 F.Supp.2d 1353, 1387 (M.D.Fla.1997).  Because petitioner's post-conviction application for leave to appeal was dismissed without prejudice pursuant to M.C.R. 7.201(B)(3) for failing to pursue the case in conformity with the court rules, petitioner did not fairly present his post-conviction claims to the Michigan Court of Appeals. See Moon v. Trombley, 2010 WL 2376168, * 4 (E.D. Mich. June 9, 2010).

Although the Michigan Court of Appeals dismissed petitioner's defective

17

application for leave to appeal without prejudice, petitioner never attempted to refile an application for leave to appeal to the Michigan Court of Appeals, choosing instead to file an application for leave to appeal with the Michigan Supreme Court.  Petitioner, however, never properly presented his post-conviction claims to the Michigan Court of Appeals.  Because petitioner never presented his claims in a proper manner to the Michigan Court of Appeals on his post-conviction appeal, his claims remain unexhausted.

Unfortunately, petitioner no longer has any available state court remedies with which to properly exhaust these claims.  Under M.C.R. 6.502(G) (1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. See Gadomski v. Renico, 258 Fed.Appx. 781, 783 (6th Cir. 2007).  Petitioner has no remaining state court remedies with which to exhaust these claims.  If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust.  However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Hannah v. Conley, 49 F.3d 1193, 1195–96 (6th Cir.1995).  A claim of actual innocence will excuse this "cause and prejudice" requirement. Id. at 1196, fn. 3.

18

Petitioner has failed to allege any reasons to excuse the procedural default of his claims.  Because petitioner has not alleged or demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his claims. Smith v. Murray, 477 U.S. 527, 533 (1986).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider petitioner's unexhausted claims as grounds for a writ of habeas corpus in spite of the procedural default.   Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review these claims on the merits.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the

---

[2]   Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. at 327. In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-37.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.

20

<u>Foster</u>, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed <u>in forma pauperis</u> on appeal. <u>Id</u>.

### V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal <u>in forma pauperis</u>

<u>s/Marianne O. Battani</u>
**HONORABLE MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

Dated: <u>April 4, 2014</u>

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.

<u>s/Bernadette M. Thebolt</u>
Case Manager
